UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN DUNN, *et al.*,

    Plaintiffs,

v.

TEACHERS INSURANCE & ANNUITY ASSOCIATION OF AMERICA, *et al.*,

    Defendants.

No. C-13-5456 EMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

**(Docket No. 91)**

    Pending before the Court is Plaintiffs' motion for leave to file a third amended complaint. Plaintiffs seek to amend the complaint to add plaintiffs Fred Hickson and Karen Hobson, to expand a Fair Labor Standards Act collective action from a California class to a nationwide class and to add a Rule 23 New York class. For the reasons stated on the record, as supplemented by this order, the motion is **GRANTED** in part and **DENIED** in part.

**I. DISCUSSION**

A.   Legal Standard

    Under Federal Rule of Civil Procedure 15(a), after twenty days from the date when the initial complaint was served, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *See* Fed. R. Civ. P. 15(a). Rule 15 has a policy of favoring amendments and should be applied with extreme liberality. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)). In general, "[f]ive factors are taken into account to

assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Other factors that could support a denial of leave to amend are "the impact on judicial economy, judicial resources and the Court's ability to manage cases and control its dockets." *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1113 (N.D. Cal. 2002). These factors do not carry equal weight; prejudice is the crucial factor. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

B.  Proposed Plaintiffs and Expansion of FLSA Collective Action

Prejudice is generally found where the amendment would cause substantial delay in the proceedings. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "Typically undue prejudice occurs when the sequence and timing of important litigation events . . . are disrupted." *Newton v. Am. Debt Servs., Inc.*, No. 11-cv-3228, 2013 WL 5592620, at *15 (N.D. Cal. Oct. 10, 2013). The Court finds that although additional discovery will have to be taken due to the expansion of the FLSA claim to cover a nationwide class, this can be accomplished without disrupting the Rule 16 schedule for class certification. Defendants have ample time to oppose the motion and move for decertification.

C.  Rule 23 New York Class

The Ninth Circuit has noted that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Further, prejudice has been found where late amendments that should have been known to the Plaintiff require an expansion of discovery and delay. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (finding that although eight months remained in discovery, advanced theories that were known to the Plaintiffs would impose high additional costs and cause undue delay). Plaintiffs have known about proposed plaintiffs Hickson and Hobson and the potential of bringing a Rule 23 New York Class since at least May 2013. *See* Docket No. 91, Exs. C, D. Plaintiffs delay in bringing this claim over a year later

would now substantially prejudice Defendants and this Court by significantly expanding the scope of discovery, prolonging the pleadings stage and thereby delaying class certification proceedings to a considerable extent. Furthermore, the Court finds that it is not an ideal forum to bring a Rule 23 New York class action alleging violations of New York state law; most of the evidence and witnesses are located in New York.

## II. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' motion as to the addition of Plaintiffs Hickson and Hobson and the expansion of the FLSA collective action to a nationwide class and **DENIES** Plaintiffs' motion to add a Rule 23 New York Class.

This order disposes of Docket No. 91.

IT IS SO ORDERED.

Dated: October 24, 2014

_____
EDWARD M. CHEN
United States District Judge