UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN DUNN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TEACHERS INSURANCE & ANNUITY ASSOCIATION OF AMERICA, et al.,<br><br>    Defendants. | Case No.  13-cv-05456-HSG<br><br>**ORDER DENYING MOTION FOR APPROVAL OF SETTLMENT AGREEMENTS**<br><br>Re: Dkt. No. 143 |

As explained on the record at the May 7, 2015 hearing, the parties' request for settlement approval is DENIED WITHOUT PREJUDICE. In addition to correcting the deficiencies identified by the Court at the hearing, any subsequent motion for approval must also provide the Court with adequate information to allow it to determine whether the settlement agreements are "fair and reasonable" resolutions of "*bona fide*" disputes. *Yue Zhou v. Wang's Rest.,* No. C 05-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007). Though the parties are not required to apply Federal Rule of Civil Procedure 23's "fairness factors" when a class settlement is not sought, these factors should guide any subsequent motion for approval. *See Lewis v. Vision Value, LLC*, No. 1:11-CV-01055-LJO, 2012 WL 2930867, at *2 (E.D. Cal. July 18, 2012) (court may consider whether to give notice to class members, and assess "whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members with a reasonable 'reliance' expectation of the maintenance of the action for the protection of their interests") (citation omitted).

In discussing these factors, the parties must do more than simply re-present the *pro forma* assertions from the motion the Court just denied. To give one example, the parties must provide the Court with a sufficient basis to evaluate the fairness of the proposed amounts to be paid to

each settling plaintiff (in light of plaintiffs' apparent intention to abandon the class claims). It is not enough to assert that "the Parties agree that the amount offered in settlement, especially in light of the amounts already received by the Plaintiffs, represents a fair and equitable resolution of the parties' disputes." Mot. at 5. The parties should explain how the settlement amounts were calculated, what the "amounts already received by the Plaintiffs" were, and how those other payments are relevant. Similarly, the fact that "discovery in this case has only just begun, with no plaintiff having yet sat for deposition," *id.*, raises a question as to how the plaintiffs can reasonably assess the strength of their case, or the appropriateness of the settlement amounts, at this stage. On these issues and all of the other Rule 23 factors, the parties must provide sufficient, non-conclusory information to permit the Court to assess the fairness of the proposed settlement.

**IT IS SO ORDERED.**

Dated: May 8, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2