KENNEDY HODGES
GABRIEL ASSAAD (pro hac vice)
GALVIN B. KENNEDY (pro hac vice)
711 West Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
*Attorneys for PLAINTIFFS*

PADILLA & RODRIGUEZ, LLP
JOHN M. PADILLA (SBN 279815)
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone: (213) 244-1401
Facsimile: (213) 244-1402
*Attorneys for PLAINTIFFS*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHLEEN DUNN and PATRICK CAMPBELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEACHERS INSURANCE & ANNUITY ASSOCIATION OF AMERICA, a New York entity; EXPERIS US, INC.; PRIDE TECHNOLOGIES, LLC; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO. 3:13-cv-05456-HSG<br><br>**PLAINTIFFS' REVISED PROPOSED SETTLEMENT AND SUPPLEMENTAL BRIEF CORRECTING DEFICIENCIES NOTED IN COURT'S PREVIOUS ORDER DENYING SETTLEMENT APPROVAL**<br><br>Date:        March 3, 2016<br>Time:        2:00 pm<br>Court Room:  15<br><br>Complaint Filed:    November 25, 2013 |

Plaintiffs Kathleen Dunn, Patrick Campbell, Fred Hickson, and Karen Hobson ("Plaintiffs") submit the following Revised Proposed Settlement and Supplemental Brief Correcting Deficiencies Noted in Court's Previous Order Denying Settlement Approval.

In this Honorable Court's January 13, 2016 Order, the Court denied the settling parties' approval motion, explaining that (1) the scope of the negotiated release was overbroad and therefore improper, Dkt. No. 168 at 6:10, (2) Plaintiffs abandoned their class claims against TIAA and Pride without explanation, Dkt. No. 168 at 9:4-5, (3) the parties submitted no evidence as to whether there has been any publicity of this action, Dkt. No. 168 at 9:19-22, and (4) Plaintiffs failed to lay the proper foundation for their overtime calculations, Dkt. No. 168 at 7:25-26.  Plaintiffs file this Motion to correct the deficiencies noted in this Court's Order.

## I.    Issues Identified by this Honorable Court

### A.    Scope of Release

In its Order, this Honorable Court explained that it was not inclined to approve a settlement of FLSA claims that included a broad release provision purporting to release claims unrelated to this litigation.  Dkt. No. 168 at 8:3-12.  The parties have since narrowed the scope of the release.[1]  Unlike the previous release presented to the Court, the parties' current release generally tracks the claims asserted in this lawsuit by Plaintiffs.[2]  The scope of the release is fair and reasonable.

### B.    Class Size and Notice

In its Order, this Honorable Court further expressed concern over Plaintiffs' abandonment of class claims against TIAA and Pride. Dkt. No. 168 at 9:4-5. Plaintiffs' decision not to pursue the California Rule 23 class claims against TIAA and Pride, however, is a reflection of the purported class size, as represented by Defendants to Plaintiffs.[3]  In discovery, Pride represented to Plaintiffs that since November 26, 2009 Defendant has assigned only eleven hourly-paid former and current employees (including Plaintiffs Patrick Campbell and Kathleen Dunn) to work at TIAA in

---

[1] Exhibit 2, Declaration of Assaad, ¶ 3.

[2] *Compare* Exhibit 1, Releases of Plaintiffs, ¶ 5(a) and Dkt. No. 170, Plaintiffs' Third Amended Complaint.

[3] Exhibit 2, Declaration of Assaad, ¶ 4.

California.[4]  Likewise in discovery, Experis represented to Plaintiffs that since November 26, 2009 Defendant has assigned only three hourly-paid non-exempt talent consultants/advisors/recruiters to work in California at TIAA.[5]  Accordingly, the California putative class size in this case, as represented by Defendants, is twelve.[6]  While Plaintiffs' counsel approximated the class size at between 25 and 50 at the parties' August 20, 2015 hearing, that was concerning a nationwide class.[7]

### C. Publicity

It is unlikely here that any of the twelve absent putative class members has relied on the filing of this action to protect their interests.  After a diligent search of news articles, no media coverage of this action has been located and no member of the putative class has contacted Plaintiffs' counsel regarding this action or any media coverage of the claims alleged here.[8]  Thus, it is improbable that any putative class member relied on the filing of this action to protect their interests.

### D. Calculations of Hours

In Plaintiffs' Supplement to Renewed Joint Motion for Approval of Settlement Agreement, each Plaintiff provided an approximation of the number of overtime hours worked for Defendants, and calculated his or her unpaid overtime wages. Dkt. No. 164, Exs. A-E.  This information, however, as noted by this Court, was introduced without supporting declarations.  Plaintiffs thus submit their Declarations regarding their hours worked for Defendants.

In her Declaration, Plaintiff Kathleen Dunn attests that she informed her employer, TIAA, of her belief that she was owed overtime for 800 hours of overtime worked during her employment with TIAA.[9]  At an overtime rate of time and a half, Ms.

---

[4] Exhibit 3, Pride Responses to Plaintiffs' First Set of Interrogatories, No. 15.

[5] Exhibit 4, Experis Responses to Plaintiffs' Second Set of Interrogatories, No. 1.

[6] Exhibit 2, Declaration of Assaad, ¶ 4.

[7] Transcript of August 20, 2015 Hearing, 16:6-8.

[8] Exhibit 2, Declaration of Assaad, ¶ 5.

[9] Exhibit 5, Signed Declaration of Kathleen Dunn, ¶ 2.

Dunn calculated her unpaid overtime wages as $90,600 ($113.25 x 800 = $90,600).[10] Ms. Dunn received payment for $50,000 for unpaid overtime from Defendants but did not receive a payment for liquidated damages.[11]

In his Declaration, Plaintiff Patrick Campbell attests that he informed his employer, Tapfin, of his belief that he was owed overtime for 750 hours of overtime worked during his employment with Tapfin.[12] Tapfin is a "sister company" of Experis that, like Experis, is owned by Manpower Group.[13] Mr. Campbell was staffed by Tapfin to work at TIAA.[14] At an overtime rate of time and a half, Mr. Campbell calculated his unpaid overtime wages as $56,250 ($75 x 750 = $56,250).[15] Mr. Campbell received payment for $64,687.50 for unpaid overtime from Defendants but did not receive a payment for liquidated damages.[16] Mr. Campbell negotiated the additional payment of $8,437.50 for the time value of money.[17]

In his Declaration, Plaintiff Fred Hickson attests that he informed his employer, Experis, of his belief that he was owed overtime for 1280 hours of overtime worked during his employment with Experis.[18] At an overtime rate of time and a half, Mr. Hickson calculated his unpaid overtime wages as $120,960 ($94.5 x 1280 = $120,960).[19] Mr. Hickson received payment for $120,960.00 for unpaid overtime from Defendants but did not receive a payment for liquidated damages.[20]

---

[10] Exhibit 5, Signed Declaration of Kathleen Dunn, ¶ 2.

[11] Exhibit 5, Signed Declaration of Kathleen Dunn, ¶ 3.

[12] Exhibit 6, Signed Declaration of Patrick Campbell, ¶ 2.

[13] Exhibit 9, Deposition of Tonya Edwards, p. 9, ll. 4-14.

[14] Exhibit 6, Signed Declaration of Patrick Campbell, ¶ 1; Exhibit 9, Deposition of Tonya Edwards, p. 10, l. 20 – p. 11, l. 21.

[15] Exhibit 6, Signed Declaration of Patrick Campbell, ¶ 2.

[16] Exhibit 6, Signed Declaration of Patrick Campbell, ¶ 3.

[17] Exhibit 6, Signed Declaration of Patrick Campbell, ¶ 3.

[18] Exhibit 7, Signed Declaration of Fred Hickson, ¶ 2.

[19] Exhibit 7, Signed Declaration of Fred Hickson, ¶ 2.

[20] Exhibit 7, Signed Declaration of Fred Hickson, ¶ 3.

In her Declaration, Plaintiff Karen Hobson attests that she informed his employer, Experis, of her belief that she was owed overtime for 440 hours of overtime worked during her employment with Experis.[21] At an overtime rate of time and a half, Ms. Hobson calculated her unpaid overtime wages as $35,358.40 ($80.36 x 440 = $35,358.40).[22] Mr. Hobson received payment for $35,358.40 for unpaid overtime from Defendants but did not receive a payment for liquidated damages.[23]

"In addition to overtime compensation, successful FLSA plaintiffs are entitled to liquidated damages in the amount of the unpaid overtime compensation (i.e., double damages)." *Haro v. City of Los Angeles*, 745 F.3d 1249, 1259 (9th Cir. 2014). "Liquidated damages are 'mandatory' unless the employer can overcome the 'difficult' burden of proving both subjective 'good faith' and objectively 'reasonable grounds' for believing that it was not violating the FLSA." *Id.*, citing *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908-09 (9th Cir. 2003); see also *Ackler v. Cowlitz County*, 7 Fed.Appx. 543 (9th Cir. 2001) ("Generally, employers must pay liquidated damages for failure to pay overtime in violation of the [FLSA]"); 29 U.S.C. § 216(b) (explaining that for violations of FLSA's overtime wage provisions, employers "shall be liable to the … employees affected in the amount of … overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). Thus, "[d]ouble damages are the norm; single damages are the exception." *Haro*, 745 F.3d at 1259, citing *Chao v. A-One Medical Servs., Inc.*, 346 F.3d 908, 919 (9th Cir. 2003).

Plaintiffs contend that Defendants violated the overtime laws and are thus liable not only for the unpaid overtime compensation but also "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## II. Conclusion

WHEREFORE, the Plaintiffs hereby request that the Court grant their Revised

---

[21] Exhibit 8, Signed Declaration of Karen Hobson, ¶ 2.

[22] Exhibit 8, Signed Declaration of Karen Hobson, ¶ 2.

[23] Exhibit 8, Signed Declaration of Karen Hobson, ¶ 3.

PLAINTIFFS' REVISED PROPOSED SETTLEMENT AND SUPPLEMENTAL BRIEF
CORRECTING DEFICIENCIES NOTED IN COURT'S PREVIOUS ORDER

Proposed Settlement in light of their Supplemental Brief Correcting Deficiencies Noted in Court's Previous Order Denying Settlement Approval.

Dated: February 12, 2016

                             KENNEDY HODGES, LLP

              By:   /s/ Gabriel A. Assaad
                    Gabriel Assaad
                    Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

In accordance with Civil Local Rule 5-5(a), I certify pursuant to 28 U.S.C. § 1746 that on February 12, 2016, I served the foregoing Plaintiffs' Revised Proposed Settlement and Supplemental Brief Correcting Deficiencies Noted in Court's Previous Order Denying Settlement Approval as follows:

>*VIA CM/ECF*
>Mark D. Kemple
>David W. Long-Daniels
>Peter N. Hall
>GREENBERG TRAURIG, LLP
>
>*VIA CM/ECF*
>Fraser A. McAlpine
>Allison H. Hong
>JACKSON LEWIS, PC
>
>*VIA CM/ECF*
>Spencer C. Skeen
>J. Patrick Allen
>Tim L. Johnson
>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2016.

                                              */s/* Gabriel A. Assaad  
                                              Gabriel A. Assaad