GREENBERG TRAURIG, LLP
MARK D. KEMPLE (SBN 145219)
KIMBERLY A. COLE (SBN 217780)
DAVID W. LONG-DANIELS (PHV)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
*Attorneys for Defendant TIAA*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHLEEN DUNN and PATRICK CAMPBELL, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>TEACHERS INSURANCE & ANNUITY ASSOCIATION OF AMERICA, a New York entity; EXPERIS US, INC.; PRIDE TECHNOLOGIES, LLC; and DOES 1 to 10, inclusive,<br><br>       Defendants. | CASE NO. 3:13-cv-05456-EMC<br><br>**DEFENDANT TIAA'S SUPPLEMENTAL MOTION REGARDING AUTHORITY FOR THIS COURT TO APPROVE FLSA COLLECTIVE ACTION SETTLEMENT** |

Defendant Teachers Insurance and Annuity Association of America ("TIAA"), by and through its undersigned counsel, hereby provides this supplemental motion of authority to this Court to approve the Confidential Settlement Agreements and General Releases (collectively, the "Settlement Agreement") previously provided to this Court between Plaintiffs and Defendants Pride and TIAA.[1]   At the hearing regarding the approval of the settlement on Thursday, March 3, 2016, this Honorable Court indicated that it would appreciate additional authority regarding settlement of the FLSA collective action and whether it required a conditional certification of a class.   Specifically, this Honorable Court asked whether it had the authority to conditionally certify a FLSA collective action for purposes of settlement.   By way of response, Defendant TIAA provides this supplemental brief to this Honorable Court so that it can be confident that even though it has the authority, conditional certification is not required for settlement and would be improvident because it requires the Settling Parties to engage in discovery and pleading practice again.[2]   At the conclusion of that process, the Court would once again have to review the settlement based upon the same "fairness" standard that is available now.[3]

## RELEVANT BACKGROUND

Plaintiffs filed their initial complaint on November 25, 2013.  [D.E. 1].  Plaintiffs filed their Second Amended Complaint on April 11, 2014 [D.E. 43] and sought leave to file a Third Amended Complaint, which was granted in part on October 24, 2014.  [D.E.

---

[1]For purposes of clarity, Dunn, Campbell, Hobson, and Hickson may be referred to collectively as "Plaintiffs," while TIAA and Pride may be referred to collectively as **"Settling Defendants."**  Plaintiffs and **Settling Defendants** may be referred to collectively as the "Settling Parties," and each individual Plaintiff or Settling Defendant as a **"Settling Party."**

[2]Defendant TIAA assumes that this Court is satisfied regarding the factual issues that have been raised by the Court as to the potential Rule 23 class issues that the "class" would be limited to 11 or 12 individuals.  [Dkt. No. 181 at 2:18-19:6.]

[3]Arguably, the Settling Parties no longer have Article III standing because they have an agreement which resolves their dispute under Article III.

DEFENDANT TIAA'S SUPPLEMENTAL MOTION RE FLSA SETTLEMENT AUTHORITY

102].  Each version of Plaintiffs' complaint has alleged a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), as well as claims arising under analogous provisions of California law.  In general, Plaintiffs claim that they were employed as recruiters by TIAA, Pride, and/or Experis, that they worked more hours than are reflected on their timesheets, and that they are entitled to additional wages and overtime for this "off-the-clock" work.

Prior to filing their initial Complaint, each Plaintiff had received payments from one or more of the Defendants as a result of their pre-litigation assertion of claims of unpaid overtime.  Specifically, each of the Plaintiffs provided information regarding the number of overtime hours they claimed to have worked without proper compensation and were thereafter paid on account of those claims.  Dunn received $50,000.00; Campbell received $64,687.50; Hobson received $35,358.40; and Hickson received $120,960.00. (*See* 2/4/15 Letter from G. Assaad, attached as Exhibit A).  These payments, which are referred to as the "Prior Payments", total $271,005.90.

After Plaintiffs filed their lawsuit, Settling Defendants answered Plaintiffs' complaints, denied Plaintiffs' claims, and asserted various defenses.  In particular, Settling Defendants maintain that Plaintiffs' claims involve overwhelmingly individualized issues and are not susceptible of either class or collective treatment.

The Settling Parties reached an agreement to resolve all of the Individual Plaintiffs claims against Settling Defendants and filed an Amended Notice of Motion and Joint Motion for Approval of Settlement Agreements [D.E. 143] on March 9, 2015 (the "Original Motion").  Experis objected to the Original Motion and the Court held a hearing on May 7, 2015.  Following that hearing, the Court denied the Original Motion without prejudice.  [D.E. 155].

As with the previous issues raised by the Court, the Settling Parties addressed the Court's concerns raised by the settling of the FLSA collective action.  Specifically, at the hearing on March 3, 2016, the Settling Parties stated that conditional certification of the FLSA collective action would require extensive discovery, for one thing, and it is

DEFENDANT TIAA'S SUPPLEMENTAL MOTION RE FLSA SETTLEMENT AUTHORITY

believed that the putative members of the collective action are not "similarly situated." In addition, and despite the age and activity in this litigation, a motion to conditionally certify a FLSA collective action has not been made by Plaintiffs and Plaintiffs carry the burden to show that such a collective action could be maintained. As such, this Court should, in its discretion, evaluate this settlement based upon the standards provided by the Settling Parties: "fairness." [Dkt. No. 157 at 5:16-7:8].

As with the previously filed motions, Defendant TIAA renews its request that the Court approve the Settlement Agreement and does so without conditional certification of the FLSA collective action.

## CITATION OF AUTHORITY

"The decision as to whether to certify a collective action is within the discretion of district court." *Tijero v. Aaron Brothers, Inc.*, 301 F.R.D. 314, 323 (N.D. Cal. 2013) *citing Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 535 (N.D. Cal. 2007). To conditionally certify a FLSA collective action, the plaintiff bears the burden of showing that the putative collective action members are "similarly situated." *Tijero*, 310 F.R.D. at 323. Although not expressly defined by the Ninth Circuit, the "similarly situated" analysis has taken on two prongs: (1) whether plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision; and (2) after extensive discovery is complete, then the court makes a factual determination by weighing such factors as "the disparate factual and employment settings of the individual plaintiffs," "the various defenses available to the defendant which appeared to individual to each plaintiff," and "fairness and procedural considerations." *Harris v. Vector Marketing Corp.*, 753 F.Supp.2d 996, 1003 (N.D. Cal. 2010). After this second prong, either the Court may decertify the collective action, or the defendants may move for decertification. *Id.*

For the purposes of this discussion, even assuming that Plaintiffs adequately alleged a single illegal policy, plan or decision to cause this Court to consider conditional

DEFENDANT TIAA'S SUPPLEMENTAL MOTION RE FLSA SETTLEMENT AUTHORITY

certification[4], the number of putative class members already has been greatly reduced with the limited amount of discovery that has been undertaken to date.  For example, and as noted by this Court, the numbers in the Third Amended Complaint are alleged to be over 100.   However, discovery has demonstrated this number actually to be 11 with respect to California claims.  [Dkt. No. 181 at 2:18-19:6].  Even more, as raised during the March 3, 2016 hearing, it is considered that discovery will bear out that Plaintiffs are not similarly situated to the other employees alleged to be included in the FLSA collective action – either in position or in other offices.

This Court has the authority to approve the settlement of a FLSA compromise.  *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).  "In reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute."  *Yue Zhou v. Wang's Restaurant*, 2007 WL2298046 (N.D. Cal. Aug. 8, 2007).  In conducting this evaluation, "it is neither for the court to reach any ultimate conclusions regarding the merits of the dispute, nor to second guess the settlement terms."  *Tijero*, 310 F.R.D. at 324 *citing Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 680 F.2d 615, 625 (9th Cir. 1982).

Here, through the settlement process, extensive discussions and briefing already have been done on the allegations in the Complaint – now Third Amended [Dkt. No. 170] – and the number of putative class members.   Again, this already has been demonstrated by the considerable decrease in putative class members.  As the *Harris* court indicates "fairness" is the standard for approving settlement of FLSA claims.  *Harris*, 753 F.Supp.2d at 1003.  The Parties have briefed this issue and all Settling Parties agree that the proposed agreement is a fair settlement.  In exercising its discretion, this Court has the authority to approve settlement of the individual claims of Plaintiffs against the settling Defendants <u>without</u> certifying a FLSA collective action.  Defendant

---

[4]The application of the first step of evaluation of the single illegal policy, plan or decision is known to be a "fairly lenient standard."  *Harris*, 753 F.Supp.2d at 1003.

DEFENDANT TIAA'S SUPPLEMENTAL MOTION RE FLSA SETTLEMENT AUTHORITY

TIAA respectfully requests that it do so.

Dated:  March 11, 2016

GREENBERG TRAURIG, LLP

By:   */s/ David W. Long-Daniels*
David W. Long-Daniels
Attorneys for Teachers Insurance and Annuity
Association of America

DEFENDANT TIAA'S SUPPLEMENTAL MOTION RE FLSA SETTLEMENT AUTHORITY