1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7   KATHLEEN DUNN, et al.,                    Case No.  13-cv-05456-HSG

8              Plaintiffs,                     **ORDER GRANTING SETTLEMENT**
                                               **APPROVAL; SETTING FURTHER**
9       v.                                     **CASE MANAGEMENT CONFERENCE**

10  TEACHERS INSURANCE & ANNUITY              Dkt. Nos. 181 & 191
    ASSOCIATION OF AMERICA, et al.,
11             Defendants.

12

13          Before the Court is the second renewed motion for settlement approval filed by Plaintiffs

14  Kathleen Dunn, Patrick Campbell, Karen Hobson, and Frederick Hickson ("Plaintiffs").  Dkt. No.

15  181 ("Mot.").  The proposed settlement resolves Plaintiffs' individual claims against Defendants

16  Teachers Insurance & Annuity Association of America ("TIAA") and Pride Technologies, LLC

17  ("Pride") under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and California

18  law.  Defendant Experis US, Inc. again opposes approval.  Dkt. No. 187.  After the Court held a

19  hearing, TIAA filed a supplemental brief in support of settlement approval.  Dkt. No. 191.

20          The Court will not recount the long procedural history of this action.  Instead, the Court

21  refers any interested party to its order denying Plaintiffs' renewed motion for settlement approval.

22  *See* Dkt. No. 168.  That motion was denied on two grounds.  First, with respect to Plaintiffs'

23  individual FLSA claims, the scope of the proposed release language was grossly overbroad and

24  improper.  *Id.* at 8 (citing *Luo v. Zynga Inc.*, No. 13-cv-00186, 2014 WL 457742, at **3-4 (N.D.

25  Cal. Jan. 31, 2014)).  Second, several aspects of the proposed settlement agreement and its posture

26  gave rise to the concern that Plaintiffs were abandoning their class claims under the FLSA and

27  California law as a result of improper collusion between the parties, to the potential prejudice of

28  putative class members.  *Id.* at 9-13.

United States District Court
Northern District of California

In their second renewed motion for settlement approval, the parties explain that they have substantially narrowed the scope of the proposed release language in their settlement agreement. The release now provides: "Plaintiff . . . release[s] and discharge[s] the Released Parties from all claims asserted in the Action and any and all claims . . . related in any manner whatsoever to Plaintiff's wages or wage and hour claims." Dkt. No. 181-1 ¶ 5. The Court finds that this revised language properly tracks the factual and legal allegations set forth in the operative complaint and warrants approval of Plaintiffs' individual FLSA claims. *See Luo*, 2014 WL 457742, at \*3.

Plaintiffs also provide additional information regarding the abandonment of their putative class claims. With respect to the California claims, Plaintiffs explain that their discovery showed there is an insufficient number of putative class members to meet the numerosity standard set forth in Federal Rule of Civil Procedure 23(a)(1). Mot. at 2-3. With respect to the FLSA collective action claims, Plaintiffs contend that the settlement will not prejudice the putative class because it is unlikely any putative class members have relied on this litigation to remedy any harm they suffered. *Id.* at 3. Plaintiffs' counsel represents under oath that he found no media coverage of this case in a diligent search of news articles, and affirms that no member of the putative class has contacted counsel regarding the action or any media coverage of the alleged claims. *Id.*; *see also* Dkt. No. 181-2 ¶ 5. The Court finds Plaintiffs' additional proffer adequate.

Accordingly, the Court **GRANTS** Plaintiffs' motion for settlement approval. Additionally, the Court **SETS** a further case management conference with the parties remaining in the action for September 6, 2016, at 2:00pm to discuss scheduling.

**IT IS SO ORDERED.**

Dated: 8/24/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge