UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN DUNN, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>TEACHERS INSURANCE & ANNUITY ASSOCIATION OF AMERICA, et al.,<br><br>Defendants. | Case No. 13-cv-05456-HSG<br><br>**ORDER GRANTING SETTLEMENT APPROVAL**<br><br>Re: Dkt. No. 219 |

Pending before the Court is the joint motion for settlement approval filed by Plaintiffs Kathleen Dunn, Patrick Campbell, Karen Hobson, and Frederick Hickson ("Plaintiffs") and Defendant Experis US, Inc. ("Experis"). Dkt. No. 219 ("Mot."). The proposed settlement agreements resolve Plaintiffs' individual claims against Experis under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and California law.[1]

The Court will not recount the long procedural history or factual background of this action. Instead, the Court refers any interested party to its orders denying Plaintiffs' renewed motion for settlement approval, *see* Dkt. No. 168, and granting Plaintiffs' second renewed motion for settlement approval, *see* Dkt. No. 193.[2] The former order denied Plaintiffs' motion for settlement approval on two grounds. First, with respect to Plaintiffs' individual FLSA claims, the Court found that the scope of the proposed release language was grossly overbroad and improper. *See* Dkt. No. 168 at 8. Second, the Court found that several aspects of the proposed settlement

---

[1] The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7–1(b).

[2] Those orders address Plaintiffs' claims against Defendants Teachers Insurance & Annuity Association of America ("TIAA") and Pride Technologies, LLC ("Pride"). *See* Dkt. Nos. 168, 193. However, Experis withdrew from those settlements and only reached the present settlement with Plaintiffs on February 17, 2017. *See* Dkt. No. 219-1 ¶ 6.

agreement and its posture gave rise to the concern that Plaintiffs were abandoning their class claims under the FLSA and California law as a result of improper collusion between the parties, to the potential prejudice of putative class members. *See id.* at 9. However, the latter order found that Plaintiffs' second renewed settlement agreements' release language properly tracked the factual and legal allegations set forth in the operative complaint, and that Plaintiffs adequately resolved the Court's concerns regarding the abandonment of their putative class claims. *See* Dkt. No. 193 at 2.

Aside from each Plaintiff's monetary award,[3] the presently proposed settlement agreements substantively mirror the terms of Plaintiffs' second renewed settlement agreements, which the Court approved. The Court therefore declines to engage in a protracted analysis of the agreements that are the subject of this motion. Rather, having carefully reviewed the parties' papers, and for the same reasons it approved Plaintiffs' second renewed motion for settlement approval, *see* Dkt. Nos. 168, 193, the Court finds the present settlements to be "fair and reasonable resolution[s] of a bona fide dispute over FLSA provisions," *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and finds no potential prejudice to putative class members or possibility of collusion, *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). The Court therefore **GRANTS** the parties' joint motion for settlement approval and **VACATES** all pending deadlines. Plaintiffs are directed to submit any motion for attorneys' fees and costs no later than May 26, 2017.[4]

**IT IS SO ORDERED.**

Dated: 4/25/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Under the terms of the present settlement agreements, Experis agrees to award Plaintiffs a total settlement sum of $65,000, of which Plaintiff Dunn will receive $11,992.50, Plaintiff Campbell will receive $15,515.50, Plaintiff Hickson will receive $29,009.50, and Plaintiff Hobson will receive $8,482.50 before attorneys' fees and costs. Dkt. No. 219-1 ¶ 7.
[4] The Court retains the authority to determine what fees are reasonable. *See Avila v. Los Angeles Police Dept.*, 758 F.3d 1096, 1105 (9th Cir 2014).