UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN DUNN, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>TEACHERS INSURANCE & ANNUITY ASSOCIATION OF AMERICA, et al.,<br><br>Defendants. | Case No. 13-cv-05456-HSG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 224 |

## I. INTRODUCTION

In their unopposed motion, Plaintiffs Kathleen Dunn, Patrick Campbell, Karen Hobson, and Frederick Hickson ("Plaintiffs") seek approval of an award of $22,750 in attorneys' fees and $471.91 in costs relating to a $65,000 settlement resolving Plaintiffs' individual claims against Defendant Experis US, Inc. ("Experis") under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and California law.[1] Dkt. No. 224 at 6; *see also* Dkt. No. 223.  Having carefully reviewed Plaintiffs' papers, the Court **GRANTS** the motion in full for the reasons stated below.

The Court will not recount the long procedural history or factual background of this action. Instead, the Court refers any interested party to its orders denying Plaintiffs' renewed motion for settlement approval, *see* Dkt. No. 168, and granting Plaintiffs' second renewed motion for settlement approval, *see* Dkt. No. 193.[2]

//

---

[1] The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7–1(b).
[2] Those orders address Plaintiffs' claims against Defendants Teachers Insurance & Annuity Association of America ("TIAA") and Pride Technologies, LLC ("Pride"). *See* Dkt. Nos. 168, 193.  However, Experis did not participate in those settlements and only reached the present settlement with Plaintiffs on February 17, 2017. *See* Dkt. No. 219-1 ¶ 6.

## II.   LEGAL STANDARD

Prevailing plaintiffs are entitled to reasonable attorneys' fees and costs under the FLSA. *See* 29 U.S.C. § 216(b) (2006); *Newhouse v. Robert's llimaRE Tours, Inc.,* 708 F.2d 436, 441 (9th Cir.1983) (the FLSA grants prevailing plaintiffs reasonable attorneys' fees, including fees for appellate and post-remand services). Reasonable attorneys' fees may be calculated using the lodestar method. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) ("[t]he lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence." (internal quotation marks omitted)). A "lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (*citing Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)). "[T]here is a strong presumption that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554 (internal quotation marks omitted). In those cases, the lodestar "may be adjusted by any factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) that are not already subsumed by the lodestar inquiry." *See Rutti v. Lojack Co., Inc.*, No. SACV 06–350 DOC (JCx), 2012 WL 3151077, at *2 (C.D. Cal. July 31, 2012).[3]

//

//

---

[3] The twelve *Kerr* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See Ballen v. City of Redmond,* 466 F.3d 736, 746 (9th Cir. 2006). "Subsumed factors include (1) insufficient documentation; (2) quality of representation; and (3) results obtained, as well as (4) novelty and complexity of the issues; (5) special skill and experience of counsel; and (6) the superior performance of counsel." *Rutti*, 2012 WL 3151077, at *2 (internal citations omitted).

## III. DISCUSSION

### A. Analysis

Here, Plaintiffs' counsel contends that counsel has expended a combined 57.9 hours on this case. Dkt. Nos. 224-1 ¶ 17, 224-2 ¶ 18. The declaration of Galvin Kennedy states that two attorneys and several paralegals at his firm, Kennedy Hodges, LLP, worked on this case. Dkt. No. 224-1 ¶ 18. One attorney requests a billing rate of $600 per hour for 5.8 hours of work, one attorney requests a billing rate of $350 per hour for 20.5 hours of work, and several paralegals request varied billing rates between $175 and $225 per hour for a combined total of 15.8 hours of work. *Id.* Dkt. No. 224-1 ¶ 18. In addition, the declaration of John Padilla states that two attorneys at his firm, Padilla and Rodriguez, LLP, worked on this case. Dkt. No. 224-2 ¶ 1. One attorney requests a billing rate of $600 per hour, and one attorney requests a billing rate of $425 per hour. *Id.* ¶ 19. Applying these rates to these hours, Mr. Kennedy estimates that his firm's lodestar is $13,926.25, Dkt. No. 224-1 ¶ 17, while Mr. Padilla estimates that his firm's lodestar is $6,895.92, Dkt. No. 224-2 ¶ 18, for a total lodestar of $20,822.17, Dkt. No. 224 at 6. However, Plaintiffs' counsel seek an award of $22,750, which represents an agreed upon contingency fee of thirty-five percent of the present settlement. *Id*.

"[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotation marks omitted). Generally, "the relevant community is the forum in which the district court sits." *Id*. (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "In addition to affidavits from the fee applicant, other evidence of prevailing market rates may include affidavits from other area attorneys or examples of rates awarded to counsel in previous cases." *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 687 (N.D. Cal. 2016).

The declarations of Messrs. Kennedy and Padilla provide sufficient evidence of the skill and experience of the four attorneys who worked on this case. *See* Dkt. Nos. 224-1, 224-2. The two attorneys requesting $600 per hour have more than twenty years of experience each, while the two attorneys requesting $425 and $350 per hour have seven and thirteen years of experience respectively. Dkt. No. 224-1 ¶¶ 6, 14; Dkt. No. 224-2 ¶¶ 3, 15. Accordingly, the Court finds that the billing rates used by Plaintiffs' counsel to calculate the total lodestar are reasonable and in line with prevailing rates in this District for personnel of comparable experience, skill, and reputation. *See, e.g.*, *Aguilar v. Zep Inc.*, No. 13–cv–00563 WHO, 2014 WL 4063144, at *6 (N.D. Cal. Aug. 15, 2014) (awarding similar hourly rates to attorneys with similar skill and experience in labor case, and a rate of $180 per hour to paralegals); *see also Galeener v. Source Refrigeration & HVAC, Inc. Watkins v. Hireright, Inc.*, 2016 U.S. Dist. LEXIS 136200, *9 (S.D. Cal. Sept. 30, 2016) (finding the two Kennedy Hodges, LLP attorneys' rates of $675 per hour and $600 per hour plus multipliers reasonable in nationwide wage and hour class and collective action settlement).

The second issue in the lodestar analysis is whether the requested number of hours is reasonable. A total of 57.9 hours were expended in the case. Dkt. Nos. 224-1 ¶ 17, 224-2 ¶ 18. Having carefully reviewed the hours expended and the documentation provided, the Court finds that the number of hours was reasonable given the length of the case, its procedural posture, and the complexity of the legal issues presented. The Court thus finds Plaintiffs' counsel's estimated lodestar of $20,822.17 reasonable.

However, Plaintiff's' counsel seeks thirty-five percent of the settlement amount for a total of $22,750, which is slightly above the estimated lodestar. Dkt. No. 224 at 6. Given the lengthy procedural history of this case, which was filed in 2013, and the significant effort Plaintiffs' counsel has expended to resolve the action, the Court finds such an upward departure to be reasonable here, and **GRANTS** attorneys' fees in the amount of $22,750.

**B.     Costs**

Plaintiffs' counsel also seeks reimbursement of $471.91 in out-of-pocket costs. Mr. Kennedy represented that his firm paid a total of $299.92 in out-of-pocket costs, while Mr. Padilla represented that his firm paid $171.99 in out-of-pocket costs. *See* Dkt. No. 224-1 ¶ 20; Dkt. No.

224-2 ¶ 20.  Having reviewed Plaintiffs' counsel's declarations, the Court is satisfied that these costs were reasonable and properly expended and **GRANTS** in full the motion for costs in the amount of $471.91.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and awards $22,750 in attorneys' fees and $471.91 in costs.  The parties are directed to submit a joint proposed judgment for approval by July 14, 2017 at 12:00 p.m.

**IT IS SO ORDERED.**

Dated:  7/7/2017

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

5